Gilmore, J.
The relators were respectively elected first and second assistant sergeant-at-arms of the senate, and respectively served as such during both sessions of the sixty-second general assembly, that adjourned sine die May 7, *219 1877. On the first day of May, 1877, the senate renolved “ that the first and second assistant sergeant-at-arms he allowed the per diem of twenty days for extra and faithful services performed during the sessions of the general assembly, and that the president of the senate be authorized to certify to said per diem” The same was duly certified. On the 5th of May, 1877, the general appropriation act was passed, which appropriates sixty-five thousand dollars-for “ per diem and mileage of the members of the general assembly, and per diem and mileage of the clerk, assistant-clerk, sergeant-at-arms, assistant sergeant-at-arms, messengers, pages, and other employes, under the laws and resolutions of the senate and house.” On this state of facts, therelators ask that the auditor of state may be compelled by mandamus to issue warrants on the treasury in their favor for the per diem of twenty days, being one hundred dollars-'each. The auditor refuses to issue the warrants, solely on the ground that, under the case made by the relators, he is inhibited from so doing by the provisions of section 29, article 2, of the constitution, which reads as follows: “No extra compensation shall be made to any officer, public-agent, or contractor, after the service shall have been rendered or the contract entered into; nor shall any money be-paid on any claim, the subject-matter of which shall not-have been provided for by pre-existing law, unless such compensation or claim be allowed by two-thirds of the-members elected to each branch of the general assembly.”
If the auditor is right in his construction of this section,, then he properly refused to issue the warrants, and can not be compelled to do so by mandamus.
The first clause of the section quoted inhibits the allowance of extra compensation to any officer, public agent, or contractor, after the services shall have been rendered or the contract entered into.
This language is very broad, and was intended to embrace all persons who may have rendered services for the public-in any capacity whatever, in pursuance of law, and in which the compensation for the services rendered is fixed by law,. *220 as well as persons who have performed or agreed to perform services in which the public is interested, in pursuance of contracts that may have been entered into in pursuance of law, and in which the price or consideration to be received by the contractor for the thing done, or to be done, is fixed by the terms of the contract.
In the first, compensation, in addition to that fixed by law at the time the services were rendered, and, in the second, the allowance of compensation in addition to that stipulated in the contract, is inhibited by the first clause of the section.
The compensation of the relators as first and second assistant sergeant-at-arms was fixed by law at five dollars “ for each day’s attendance during the session of the general assembly.” S. & S. 696, § 2.
It is unnecessary to determine whether the relators, while .acting as first and second assistant sergeants-at-arms, were or were not “ officers,” within the strict meaning of that word, as usually understood. They were, while discharging their duties, serving the public at a fixed compensation, and were, therefore, whether they be regarded as statutory officers or as public agents, within the meaning of the first clause of the section, which inhibits them from receiving extra compensation after the services were rendered.
It is suggested in argument that the allowance of “ the per diem of twenty days for extra and faithful services,” which is the language of the resolution, is not an allowance of extra compensation, within the meaning of the clause of the section in question; but an allowance for services performed, in addition to their services as sergeants-at-arms. The answer to this is, that the allowance is made to the “ first and second assistant sergeants-at-arms,” and the allowance, as we understand it, was made to them as such “ for extra and faithful” services. Now, they were required to take an oath to “ faithfully and diligently discharge the duties required of them in their respective offices.” S. & C. 669, § 8. They were, therefore, bound to perform their duties faithfully and diligently, and, if this was done, the *221 performance in addition thereto of extra services in discharge of their duties would not be possible.
In short, if the resolution had made an allowance of “ one hundred dollars as extra compensation,” etc., it would have been nothing more than the equivalent of the words used \ and this is what is in terms inhibited by the clause under consideration.
In the second place, it is contended by counsel for the- relators that if the allowance is inhibited by the first clause-of the section, it may be allowed, notwithstanding the second clause, which only inhibits the payment of money “ on any claim, the subject-matter of which shall not have been provided for by pre-existing law, unless such compensation or claim be allowed by two-thirds of the members elected to each branch of the general assembly.” To take the allowance in this case out of the inhibition of this clause, it is contended that the payment of the allowance was provided for by pre-existing law. The proposition of counsel on this point is this: “ The resolution allowing this compensation is, to all intents and purposes, incorporated in the-general appropriation act of May 5, 1877, which act operates as a temporary amendment of the law of 1866, and therefore meets the requirements of the second clause of section 29. Article 2 of the constitution says that the el aim shall be provided for by pre-existing law.”
Conceding, for the purposes of the argument, that the-senate resolution became part of the appropriation act by reference, and that the latter act was a temporary amendment to the laxv of 1866 ; still the pi-oposition is unsound,, for the following reasons : 1. The pre-existing law of 1866, made no provision for the payment of compensation for extra and faithful services rendered by the relators. 2. The senate resolution, providing for the payment of compensation to the relators for extra and faithful services, was passed after such services were rendered. It follows, that inasmuch as there was no pre-existing law upon which the resolution of the senate was based, the resolution was inhibited by the second clause of the constitution, above- *222 ■quoted. The only remaining ground upon which the relators could claim the extra compensation provided by the .senate resolution, would be by showing that the general appropriation act not only included the claim, but that it was passed by a majority of the members elected to each branch of the general assembly, which does not appear in this case.
We must, therefore, regard the resolution of the senate 'in this case, as an effort on its part to allow' the relators extra compensation for faithful services after such services were rendered, as assistant sergeant-at-arms, in the absence •of a pre-existing law providing for such extra compensation, and without the concurrence of two-thirds of the members elected to each branch of the general assembly; .and must hold that the action of the senate, in this respect, w'as prohibited by the section of the constitution above •quoted.

Writ refused.